**NEUWEILER et, Plaintiffs, v. KAUER, Director of Highways, Defendant.**

Common Pleas Court, Sandusky County.

No. 27336. Decided November 17, 1951.

Culbert, Hyzer, Culbert, Fremont, for plaintiffs.
C. William O'Neill, Atty. Genl., Columbus, for defendants.

## OPINION

By BAUMANN, J.

The Director of Highways intends to designate as a limited access thoroughfare, several miles of State Route 20 between Fremont and Clyde. The plaintiffs, as affected property owners, seek to enjoin the contemplated action. The facts have been stipulated, leaving to the court for decision, the

constitutionality and practical application of this portion of the highway act.

Sec. 1178-21 GC is in question. It provides as follows:

"Sec. 1178-21 GC. 'Limited access highways' and 'freeways' may be established, constructed, vacated, etc.; service highways; definitions.

"Sec. 1178-21 GC. The director of highways shall be authorized to lay out, establish, acquire, open, construct, improve, maintain, regulate, vacate or abandon 'limited access highways' or 'freeways' within this state in the manner or manners in which said director may now or hereafter lay out, establish, acquire, open, construct, improve, maintain, regulate, vacate or abandon highways within the state. The director also shall have any and all other additional authority and power relative to such 'limited access highways' or 'freeways' as he now or hereafter may possess relative to highways including the authority and power to acquire by gift, purchase, condemnation or otherwise land required for right-of-way. Where an existing highway in whole or part has been designated as, or included within, a 'limited access highway' or 'freeway' existing easements of access may be extinguished by purchase, gift, agreement or by condemnation.

"As an adjunct of any 'limited access highway' or 'freeway' the director is authorized to lay out and construct highways and drives, to be designated as service highways, to provide access from areas adjacent to a limited access highway or freeway. A 'limited access highway' or 'freeway' is a highway especially designed for through traffic and over which abutting property owners have no easement or right of access by reason of the fact that their property abuts upon such highway, and access to which may be allowed only at highway intersections designated by the director.

"Limitations imposed by law on the mileage of state highways shall not apply to highways established under the provisions of this section."

Plaintiffs raise two constitutional questions: First, that the act is an unjust delegation of the power of the legislature, and second, that it is not uniform in its application. We discuss them in order.

The general rule for testing whether or not a statute delegates legislative power is well stated in the citation in plaintiff's brief from 11 American Jurisprudence at page 924.

"One of the most important tests as to whether particular laws amount to an invalid delegation of legislative power is found in the completeness of the statute as is appears when

it leaves the hands of the legislature. The generally recognized principle is that a law must be so complete in all its terms and provisions when it leaves the legislative branch of the government that nothing is left to the judgment of the electors or other appointees or delegation of the legislature. The rights, duties, privileges, or obligations granted or imposed, must be definitely fixed or determined or. the rules by which they are to be fixed and determined must be clearly and definitely established, when the act is passed by the legislature and approved by the Governor. The law must be perfect, final and decisive in all of its parts, and the discretion which is given must relate only to execution. One court has laid down the rule that in considering whether a section of a statute is complete or incomplete, the test is whether the provision is sufficiently definite and certain to enable one reading it to know his rights and obligations thereunder."

The Ohio landmark is the oft cited quotation from the opinion of one of its most outstanding jurists, Judge Ranney, in 1852 in the case of **Rd. Co. v. Commissioners, 1 Oh St** at **pp. 88-89.** In discussing the delegation of legislative discretion, he said:

"The true distinction is, therefore, between the delegation of power to make the law, which necessarily involve a discretion as to what it should be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first can not be done; to the latter no valid objection can be made."

The legislature has set up a department of public highways. The department is authorized to do many things including construction, repair, location, change, abandonment of public roads and bridges, cooperative action with other agencies, traffic control, research, etc. It is not seriously advocated that the legislature is required to provide all of the details of highway administration.

It is claimed that the statute must be specific in stating some standard for the guidance of the director, and that it fails to do this. We must not lose sight of the fact that the establishment of a limited . access highway is not an isolated legislative authorization. It is a part of the 1945 highway recodification act, and by fundamental rules of statutory construction must be considered as such a part and not as the whole. Its terms directly refer to the rest of the act. We quote, bold type for emphasis:

"The director **also shall have** any and all other **additional power** and authority relative to such limited access highways **as he now** or hereafter **may possess relative to highways.**

Thus the director's authority and obligation as to this type of road is exactly the same as his authority with reference to bridges, culverts and other roads. It follows that if this section is unconstitutional the entire state highway system is being maintained without legal right. Obviously that is not true.

Section 37 requires the Director to make a preliminary finding that his action "is necessary for the public convenience and welfare" before he can proceed to condemn private property. Section 21 contains the word 'required.'

We believe and hold true there is sufficient in the statute to provide a standard of guidance. But if there were not, the instant project, contemplated for the protection of the public safety and general welfare, comes within the purview of the rule laid down by the Supreme Court of Ohio in **Matz v. Cartage Co., 132 Oh St 272.**

"7. As a general rule a law which confers discretion on an executive officer or board without establishing any standards for guidance is a delegation of legislative power and unconstitutional; but when the discretion to be exercised relates to a police regulation for the protection of the public morals, health, safety or general welfare, and it is impossible or impracticable to provide such standards, and to do so would defeat the legislative object sought to be accomplished, legislation conferring such discretion may be valid and constitutional without such restrictions and limitations."

The contention that the statute does not have uniform operation throughout the state is unfounded. There is no part of the state in which it is not effective. Undoubtedly it does not affect all persons in the same manner nor to the same extent. Neither does the statute defining and punishing murder. But both are effective throughout the state, and neither contravenes Article II, Section 26 of the Constitution.

Plaintiffs complain further that the improvement proposed is not being made in compliance with the law because access is being permitted at points other than highway intersections. The language of the statute is:

"Access * * * may be allowed only at highway intersections designated by the director."

It is noteworthy that the legislature used the permissive 'may,' rather than the mandatory 'shall.' By so doing, the legislature delegated to the sound discretion of the director the extent to which access should be limited. The statute does not direct but rather 'authorizes' the director to establish parallel service roads.

The owners of property abutting Route 20 in this section, now have unlimited rights of access to the highway for the purpose of traveling thereon. This right of access is private property. The Director may take as much or as little of it as he finds necessary for the public convenience and welfare. This finding necessitates the consideration of many factors. Engineering problems present themselves. The financial outlay is important, and must be balanced against the anticipated benefits. The finding of the director must be specific and definite. If he arbitrarily abuses the discretion confided by the legislature, recourse may be had to the courts. If his discretion is not abused, he is required to compensate fully and adequately for the property taken and for any damage resulting to property not taken. The amount of that compensation is fixed by the parties affected, or by a local jury as the property owner may see fit.

The petition is dismissed. An entry shall be submitted.